FILED
SUPERIOR COURT
OF GUAM

2024 JAN -3 PM 4: 44

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>IGNACIO AUGUSTO ECLAVEA PEREZ,<br><br>              Deceased.<br><br>BY<br><br>CHARLES H. McDONALD II,<br><br>              Petitioner. | PROBATE CASE NO. PR0068-23<br><br><br><br>**DECISION AND ORDER DENYING PETITION FOR PROBATE OF WILL AND FOR LETTERS OF ADMINISTRATION** |

This matter came before the Honorable Dana A. Gutierrez upon the Petition for Probate of Will and For Letters of Administration ("Petition"), filed by Charles H. McDonald II ("Petitioner"). The Court held Petition hearings in this matter on June 14, 2023, August 2, 2023, August 24, 2023, and September 5, 2023. Present at the hearings were JoAnnie Hall Neal ("JoAnnie") and Petitioner.[1] Because the Will at issue is lost and Petitioner has failed to meet the requirements to prove a lost will under 15 GCA § 1525, the Court hereby **DENIES** the Petition.

---

[1] At the August 2, 2023 Petition hearing, Petitioner explained that JoAnnie is the daughter of the Decedent's wife, Maria Flora T. Perez.

## BACKGROUND

Ignacio Augusto Eclavea Perez ("Decedent" and also referred to as "Testator") died on February 11, 2005. Petition at Exhibit A (April 19, 2023). Petitioner filed his Petition on April 19, 2023. Petitioner prays that (1) Decedent's Will be admitted to probate; (2) letters of administration be issued for the Estate of the Decedent; and (3) bond in this matter be waived. *Id.* at 3.

Petitioner claims a "good faith effort was made to locate the original Last Will and Testament and the original Will cannot be found." *Id.* at 2. Petitioner attached an alleged copy of Decedent's Last Will and Testament to the Petition. *Id.* at Exhibit B.

On September 5, 2023, Petitioner filed the Declaration of Elizabeth Cruz ("Elizabeth's Declaration"). Elizabeth Cruz ("Elizabeth") was one of the subscribing witnesses to the Will, and she described her role as a witness to Decedent signing his Will. Elizabeth's Decl. at 1-2.

Additionally, at the September 5, 2023 Petition hearing, Petitioner called JoAnnie to testify "to prove due search was performed for the original Will and that it wasn't found." Minute ("Min.") Entry, 9:52 AM (Sept. 5, 2023).

## DISCUSSION

Petitioner argues that because he has met the requirements of 15 GCA § 1519, the Court should admit the Decedent's purported Will to probate. Min. Entry, 9:51 AM (Sept. 5, 2023). However, the Petitioner's reliance on § 1519 is misplaced. Section 1519 governs the proof required of witnessed wills in uncontested probate proceedings once the original will is produced to the court. However, in this matter, Petitioner has informed the Court that "the original Will cannot be found." Petition at 2.

15 GCA § 1503 permits the Superior Court of Guam to probate a decedent's lost or destroyed will and 15 GCA § 1525 provides the requirements for doing so. Therefore, Petitioner

2

must prove the Will under Section 1525.[2] 15 GCA § 1525(a)(1) requires a petitioner prove the will "to have been in physical existence at the time of the testator's death." Further, a lost will's provisions must be "clearly and distinctly proved by the sworn testimony of at least two credible witnesses in open court." 15 GCA § 1525(b).

### A. Petitioner Failed to Prove the Will Was in Physical Existence at the Time of the Testator's 's Death

Petitioner has not established that the Will was in physical existence at the time of the Testator's death as required by 15 GCA § 1525(a)(1). The burden to prove the existence of the will is upon the proponents of the will. *In re Estate of LeSure*, 68 P.2d 313, 315 (Cal. Dist. Ct. App. 1937).[3]

JoAnnie's testimony did not prove the Will was in existence at the time of Decedent's death. When Petitioner asked JoAnnie if she knew what happened to the original Will, JoAnnie stated, "I don't know exactly what happened, but I believe it was lost during the many times that we moved. On or around 2009, my family moved to Hawaii . . . and my mother followed . . . I believe when she made several copies of the Will, the original one was misplaced at that time."

---

[2] At the June 14, 2023 Petition hearing, the Court raised that because Petitioner did not submit the original Will, Petitioner must comply with the provisions to prove a lost or destroyed Will. Min. Entry, 9:54 AM (June 14, 2023). The Court noted that Petitioner must prove the Will was in existence at the time of the Decedent's death. Min. Entry, 9:55 AM (June 14, 2023). Petitioner affirmed that he would review those provisions of the Probate Code. Min. Entry, 9:54 AM (June 14, 2023).

[3] This rule was derived from California Probate Code § 350. 15 GCA § 1525, SOURCE. Therefore, California's interpretation of Probate Code § 350 is persuasive in this Court's interpretation of 15 GCA § 1525. "Generally, when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction." *Sumitomo Constr. Co. v. Zhong Ye, Inc.*, 1997 Guam 8 ¶ 7. For instance, in *M Electric Corporation v. Phil-Gets (Guam) Intl. Trading Corp. dba J&B Modern Tech et. al.*, 2016 Guam 35 ¶ 40, the Supreme Court of Guam held federal interpretation of Federal Rules of Civil Procedure Rule 15 was persuasive when interpreting Guam Rules of Civil Procedure Rule 15 because the federal rule was the source of Guam's statute, and the two statutes have similar language.

Min. Entry, 9:52 AM. (Sept. 5, 2023). Further, JoAnnie stated that "because the ink was in black, that caused some of the confusion, [my mother] wasn't aware which was the original Will." Min. Entry, 9:54 AM. (Sept. 5, 2023). At that hearing, the Court asked, "Decedent died in 2005. Do you have any knowledge of where the Will was at that time?" JoAnnie responded, "I don't know." Min. Entry, 9:56 AM. (Sept. 5, 2023).

JoAnnie never stated that the Will was in physical existence when Decedent died. Although JoAnnie suggested that the original Will may have been misplaced after Decedent's death, she conceded that she did not know exactly what happened to the Will. JoAnnie also indicated that her mother was confused regarding which document was the original Will because the Will was signed in black ink. Furthermore, JoAnnie stated that she does not know where the original Will was when Decedent died. Thus, JoAnnie's testimony does not prove the physical existence of the Will at the time of Decedent's death.

The record does not otherwise establish the Will was in physical existence at the time of Decedent's death. Petitioner never alleges it. Elizabeth's Declaration also does not address whether the Will was in physical existence at the time of Decedent's death because it only discusses her role as a witness to the Decedent signing the Will, and not any facts or events which occurred thereafter. Therefore, Petitioner did not prove the Will was in physical existence at the time of Decedent's death. *Compare In the Matter of the Estate of Samuel Joseph Jones*, PR0236-22, at 2 (Super. Ct. Guam April 24, 2023) (holding that a declaration that a deposited will was withdrawn from the Superior Court clerk's office upon the decedent's death established the will was in physical existence at the time of death).

### B. Petitioner Failed to Prove the Provisions of the Will by Two Credible Witnesses in Open Court

On September 5, 2023, JoAnnie testified in open court. However, JoAnnie did not prove the lost Will's provisions because she did not testify regarding any of the specific provisions of the Will. Instead, she only testified regarding how she believed her mother lost the Will. Moreover, JoAnnie stated, "I have never seen the original Will." Min. Entry, 9:55 A.M. Therefore, JoAnnie did not, and likely could not, prove the provisions of the Will because she has never seen it.

Moreover, as stated above, 15 GCA § 1525(b) requires two witnesses to testify to the provisions of the will in open court. The commentary to 15 GCA § 1525 emphasizes the need for this testimony to be in open court, stating "[t]he Commission has also added, in subsection (b), the requirement that lost or destroyed wills be proved by live testimony in open court, believing that the judge should be able to see the witnesses in such cases in order better to be able to determine their credibility." 15 GCA § 1525, COMMENT.

Here, only one witness testified.[4] Although Elizabeth's Declaration states that she attached "a true and correct copy of the Last Will and Testament of Ignacio Eclavea Perez," Elizabeth did not testify in open court regarding the provisions of the Will. Petitioner fails to cite to any authority which permits the Court to forego this statutory obligation. Furthermore, even if the Court did consider Elizabeth's Declaration to prove the Will, JoAnnie's testimony remains insufficient. Therefore, Petitioner does not meet the requirements of 15 GCA § 1525(b).

---

[4] At the August 2, 2023 Petition hearing, Elizabeth and JoAnnie were present with Petitioner, but the hearing was continued without taking testimony. Elizabeth was not present at the September 5, 2023 hearing in which JoAnnie testified. At that hearing, Petitioner asserted that Elizabeth did not need to testify because the Probate Code permits a signed affidavit by a subscribing witness. Min. Entry, 9:51 AM (Sept. 5, 2023).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petition.[5] A status hearing in this matter shall be held on **February 14, 2024 at 9:30 a.m.**

SO ORDERED: ___JAN C 3 2024___ .

_____

**HONORABLE DANA A. GUTIÉRREZ**
**Judge, Superior Court of Guam**

---

[5] The Court notes its concern regarding whether Petitioner complied with the mailing requirements for serving heirs with notice of the Petition hearing pursuant to the Probate Code. *See* 15 GCA § 1517. However, the Court need not reach that issue because the Petition is denied for not meeting the requirements of 15 GCA § 1525.